**FILED IN OPEN COURT**

11-15-2017

CLERK. U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:17-cr- 210-J-39JBT

STANLEY HAGAN, JR.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

W. Stephen Muldrow, Acting United States Attorney for the Middle District

of Florida, and the defendant, Stanley J. Hagan, Jr., and the attorney for the

defendant, Melinda Patterson, mutually agree as follows:

### A.  Particularized Terms

1.  **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with knowing receipt of child

pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

2.  **Minimum and Maximum Penalties**

Count One is punishable by a mandatory minimum term of

imprisonment of not less than 5 years and not more than 20 years, a fine of

$250,000, a term of supervised release of not less than 5 years, or life, and a

Defendant's Initials _SH_                           AF Approval _BJ_

special assessment of $100, said special assessment to be due on the date of sentencing. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 2 years. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act

Defendant's Initials _CH_          2

(exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3.    **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      That the defendant knowingly received one or more matters that contained visual depictions;

Second:   That such visual depictions were received using a means or facility of interstate and foreign commerce,   that is, by computer via the internet;

Third:     That the production of such visual depictions involved the use of at least one minor child engaging in sexually explicit conduct;

Fourth:   That such visual depictions were of at least one minor child engaged in sexually explicit conduct; and

Fifth:     That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depictions were of such minors engaged in sexually explicit conduct.

4.    **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials _𝐵 𝐻_          3

5.     **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.     **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to the identified victim whose depictions are the subject of Count One of the Information.

7.     **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant

Defendant's Initials _SH_                4

complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.     **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not

Defendant's Initials _____     5

later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### 9.    Forfeiture of assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _BH_                    6

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials _____       7

USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this

Defendant's Initials _____    8

agreement shall be determined as if the defendant had survived, and that
determination shall be binding upon defendant's heirs, successors and assigns
until the agreed forfeiture is collected in full.

B.    **Standard Terms and Conditions**

1.    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution
to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §
3663, including restitution as to all counts charged, whether or not the
defendant enters a plea of guilty to such counts, and whether or not such
counts are dismissed pursuant to this agreement.  The defendant further
understands that compliance with any restitution payment plan imposed by
the Court in no way precludes the United States from simultaneously pursuing
other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the
Mandatory Victims Restitution Act, in order to ensure that the defendant's
restitution obligation is satisfied.  On each count to which a plea of guilty is
entered, the Court shall impose a special assessment pursuant to 18 U.S.C. §

Defendant's Initials _____          9

3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

Defendant's Initials _BH_          10

factual information, including the totality of the defendant's criminal activities,

if any, not limited to the count(s) to which defendant pleads, to respond to

comments made by the defendant or defendant's counsel, and to correct any

misstatements or inaccuracies. The United States further reserves its right to

make any recommendations it deems appropriate regarding the disposition of

this case, subject to any limitations set forth herein, if any.

5.    **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

States Attorney's Office within 30 days of execution of this agreement an

affidavit reflecting the defendant's financial condition. The defendant

promises that his financial statement and disclosures will be complete,

accurate and truthful and will include all assets in which he has any interest or

over which the defendant exercises control, directly or indirectly, including

those held by a spouse, dependent, nominee or other third party. The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years. The defendant similarly agrees and authorizes the United

Defendant's Initials _SH_        11

States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any

Defendant's Initials ____        12

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.     **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _SH_                    13

8.    **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials _SH_                 14

and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials /s/ <u>BH</u>                    15

forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____30ᵗʰ_____ day of October, 2017.

W. STEPHEN MULDROW
Acting United States Attorney

STANLEY HAGAN, JR.
Defendant

D. RODNEY BROWN
Assistant United States Attorney

MELINDA R. PATTERSON
Attorney for Defendant

KELLY S. KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____          16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:17-cr- *210-J- 39JBT*

STANLEY HAGAN, JR.

## PERSONALIZATION OF **ELEMENTS**

1.     On or about December 19, 2015, in the Middle District of
Florida, did you knowingly receive one or more matters that contained visual
depictions, as described in Count One of the Information?

2.     Do you admit that these visual depictions were shipped and
transported using a means and facility of interstate and foreign commerce, that
is, by computer via the internet?

3.     Do you admit that the production of such visual depictions
involved the use of a prepubescent minor child engaging in sexually explicit
conduct, that is, oral to genital intercourse with an adult male?

4.     Do you admit that these visual depictions were of a prepubescent
minor engaging in sexually explicit conduct?

Defendant's Initials

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:17-cr- 210- J· 39 JBT

STANLEY HAGAN, JR.

## FACTUAL BASIS

After completing a state prison sentence for rape and involuntary deviate sexual intercourse involving a minor, Darren Dozier, a/k/a "Dante Dozier," was released into a community in Pennsylvania in December 2013. In 2015, he moved into a residence in Philadelphia with a person who had custody of two minor children. From November 2014 through June 2015, Dozier had sexual contact with one of these children, Minor 1, who is female and who, during this period, was 8 and 9 years old. On several occasions, Dozier produced videos that depicted him engaged in sexually explicit conduct with Minor 1. Specifically, on May 16, 2015, June 4, 2015, and June 9, 2015, Dozier produced videos of himself performing oral to genital sexual intercourse on Minor 1. Dozier used these videos to produce screen shots, or still photographic images, that depicted the sexual abuse of Minor 1 by Dozier. Dozier maintained these videos and images in an online account with

Defendant's Initials _____

a major internet service provider and was able to access and distribute them using the internet. Dozier used this online account to engage in online discussion with other users and to distribute the videos and images depicting the sexual abuse of Minor 1.

FBI agents in Philadelphia executed search warrants on Dozier's cellular telephone and online internet service provider (ISP) accounts, and they recovered the contraband videos and images of Minor 1, as well as numerous logs showing online conversations between Dozier and other users. These logs revealed that on December 19, 2015 and again on August 7, 2016, Dozier engaged in sexually explicit online chat conversations with an individual later identified as Stanley Hagan, Jr., who was using the online user name "MayaTooKhute" and the email address nottyheadstan25@gmail.com. During these conversations, Hagan, who is an adult male, purposefully concealed his true identity, gender, and age and pretended to be a 15-year-old female.

On or about December 19, 2015, Dozier and Hagan engaged in a sexually explicit online conversation that lasted almost two hours. During the conversation, Dozier stated, among other things, "I guess my ass is going to jail because I'm much older than you." Hagan responded that "she" (Hagan) was 15 years old and "her" name was "Dee." Dozier believed that Hagan was

Defendant's Initials _____   2

an underage child and advised Hagan that he wanted to "suck on [her] sweetness." Hagan told Dozier that he (Dozier) was too old, and Dozier offered to send Hagan a picture of him (Dozier) "sucking on [his] young girl's pussy." Dozier stated that "[s]he's younger than you & love to feel my tongue." Hagan typed, "im getting wet thinkin about that let me see." Dozier then sent Hagan four images through the chat function over the internet that depicted Dozier sexually abusing Minor 1, that is, performing oral sex on the 9-year-old child. Upon receiving these images of child pornography, Hagan typed, "i need a vid you look like you are licking her good." Hagan requested several times that Dozier send him (Hagan) the full video of Minor 1 so that "she" (Hagan) could use it to masturbate, stating "i liked seeing her pussy." On August 8, 2016, Hagan and Dozier again engaged in sexually explicit online conversation but did not exchange child pornography.

On August 30, 2017, FBI agents went to Hagan's residence in Jacksonville and conducted a consensual interview with Hagan. After being advised of the identity of the agents and the nature of the interview, Hagan invited the agents into his apartment and stated, among other things, the following:

Hagan had secured internet service in his apartment, and he and his wife did not share their computers with others. Hagan provided several

Defendant's Initials _____

3

email accounts that he used, including nottyheadstan25@gmail.com. He used a particular ISP account to engage in online conversations with others. He admitted that he used the user name "MayaTooKhute" and posed as a 15-year-old female named "Dee" to solicit sexually explicit images and videos of girls that he knew to be minors. Hagan was shown a transcript of the online conversations between him and Dozier, which he recognized and admitted participating in. Hagan acknowledged that he received images of child pornography from this individual (Dozier). He recognized that the images depicted a minor female. After he received the first image of the minor child from Dozier, he (Hagan) continued to ask for more child pornography images and videos of the same minor female. He did not know the minor child or where she was located. In return for the child pornography, he sent Dozier pornographic images of underage girls that he (Hagan) obtained from a well-known child pornography website the internet. Hagan sent images that were consistent with his fake online personae of a teenage girl to make it more believable.

Hagan knew that child pornography is illegal. Nobody else knew about his habit as it was a "private thing." Hagan was read portions of his online conversation with Dozier and stated that the transcript "looks bad." Hagan continued to engage in the conversation and solicit more child pornography because he "wanted to see where it would go." Hagan

Defendant's Initials _____       4

confirmed that he knew that both he and the person producing the child

pornography images were engaging in illegal activity, but he did not call law

enforcement to inform them.

Hagan described his child pornography habit as being a product

of "curiosity" and "boredom." He understood that his asking for and

receiving child pornography was participation in the sexual exploitation of

children. He confirmed that the minor female in the images that he received

from Dozier was a real child and other real children were sexually exploited

because of the actions of Hagan and others who solicited child pornography.

Hagan knowingly received the images of child pornography produced

by Dozier referenced in Count One of the information in Jacksonville, Florida

through his use of the internet, a facility of interstate commerce. The

production of the images depicting child pornography solicited, received and

possessed by Hagan each involved the use of a minor child engaged in

sexually explicit conduct and depicted this minor child being sexually abused

by Dozier. Hagan knew that the child depicted in each of the visual

depictions that he solicited, received and possessed was a minor child and that

the visual depictions were of such minor child engaged in sexually explicit

conduct.

Defendant's Initials _____        5

Hagan acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.